5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Aaron PERSON, Plaintiff,
v.
ALLSTATE INSURANCE COMPANY, a corporation,
Defendant-Third-Party Plaintiff-Appellee,
v.
L.M. SCHULNER, a law corporation; LAWRENCE M. SCHULNER,
Third-Party Defendants-Appellants.
Aaron PERSON, Plaintiff,
v.
ALLSTATE INSURANCE COMPANY, a corporation,
Defendant-Third-Party Plaintiff-Appellant,
v.
L.M. SCHULNER, a law corporation; LAWRENCE M. SCHULNER,
Third-Party Defendants-Appellees.
Aaron PERSON, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, a corporation, Defendant-Appellee.
 No.s 91-56000, 91-56113, 91-56115.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Feb. 4, 1993.
Submitted July 19, 1993.
Decided Aug. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, CV 90-0801-WJR; William J. Rea, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: PREGERSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Schulner (Schulner) appeals the district court's judgment, following a jury trial, in favor of Allstate Insurance Company Corporation (Allstate) on Allstate's third-party complaint against Schulner for equitable indemnity arising out of an action for breach of the covenant of good faith and fair dealing brought against Allstate by its insured, Aaron Person (Person), No. 91-56000. Allstate appeals the judgment in favor of Person on his claim, No. 91-56113. Person appeals the district court's dismissal of his claim for punitive damages, No. 91-56115. Because we reverse the judgment in favor of Person, we reverse the judgment for indemnification and affirm the dismissal of the punitive damages claim.
 
 
 3
 The jury answered specific interrogatories as follows:
 
 INTERROGATORY NO. 1:
 
 4
 Did you find that Allstate's decision not to accept the policy limits demand, made on November 25, 1986, was unreasonable in light of the information available to Allstate as of that date?
 
 
 5
 Yes .
 
 
 6
 No X .
 
 INTERROGATORY NO. 2:
 
 7
 Did Allstate have enough information to accept the policy limits demand that Schulner made on behalf of Essie Mason in his letter of November 25, 1986?
 
 
 8
 Yes .
 
 
 9
 No X .
 
 INTERROGATORY NO. 3:
 
 10
 Did you find that Allstate had a reasonable opportunity to accept the policy limits demand made on behalf of Essie Mason by Mr. Schulner in his letter of November 25, 1986?
 
 
 11
 Yes .
 
 
 12
 No X .
 
 INTERROGATORY NO. 10A:
 
 13
 Did you find that Lawrence Schulner made his policy limit demand on behalf of Essie Mason in his letter of November 25, 1986, in such a way that it appeared reasonably likely to him that Allstate would not accept it?
 
 
 14
 Yes X .
 
 
 15
 No .
 
 INTERROGATORY NO. 32:
 
 16
 Did you find that Allstate reasonably believed that its failure to accept the November 25, 1986 policy demand by December 3, 1986 did not expose Aaron Person to an excess judgment?
 
 
 17
 Yes X .
 
 
 18
 No .
 
 
 19
 Allstate argues that the evidence was insufficient to support the jury verdict in favor of Person basing that argument largely on the specific finding of the jury that Allstate's decision was not unreasonable. We agree. Under California law, Allstate could be liable for a sum in excess of its policy only upon the insured's showing that a refusal to settle was unreasonable. The jury verdict is in favor of Allstate. We reverse the judgment in favor of Person.
 
 
 20
 The jury also found that Person suffered no emotional distress by its answer to interrogatory number six.
 
 
 21
 Having failed to prevail on the claims of unreasonable refusal to settle or infliction of emotional distress, the court's ruling granting partial summary judgment in favor of Allstate on the punitive damages contention is clearly correct and we affirm.
 
 
 22
 Since Allstate prevails on all of Person's claims, we also REVERSE the judgment in favor of Allstate and against Schulner on Allstate's indemnity claim.
 
 
 23
 In No. 91-56000 the judgment in favor of Allstate and against Schulner is reversed. Each party is to bear his or its own costs.
 
 
 24
 In No. 91-56113 the judgment in favor of Person and against Allstate is reversed. Allstate is to recover its costs against Person.
 
 
 25
 In No. 91-56115 the order of the district court dismissing Person's claim for punitive damages against Allstate is affirmed. Allstate is to recover its costs against Person.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3